IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01089-PAB-KLM

BEATTY GROUP LLC,

    Plaintiff,

v.

GREAT WESTERN RAILWAY OF COLORADO, L.L.C.,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Defendant Great Western Railway's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket No. 16].

## I. BACKGROUND

This case arises from a dispute over the use of three parcels of land (the "parcels") in Loveland, Colorado. Docket No. 6 at 1-2, ¶ 1.[1] Plaintiff Beatty Group, LLC alleges that it owns the parcels in fee simple, having purchased them from Home Depot, U.S.A., Inc. on or about December 22, 2015. *Id*. at 1-2, ¶ 1, and at 4, ¶ 20. The parcels were originally owned by the now-defunct Great Western Sugar Company. *Id*. at 2-3, ¶¶ 6-13. There are two railroad tracks currently on the parcels. *Id*. at 4, ¶ 21. One of those tracks, "Spur Track 1," is currently in use by defendant Great Western Railway of Colorado, LLC. *Id*. at 5, ¶¶ 24-26. The other, "Spur Track 2," is not currently

---

[1] Facts in this section are drawn from plaintiff's Second Amended Complaint and are provided for background purposes only.

in use. *Id.* Plaintiff believes that defendant has no legal right to use the tracks; defendant believes the opposite. *Id.*, ¶ 26.

On March 8, 2019, plaintiff initiated this lawsuit in the District Court for Larimer County, Colorado. Docket No. 1-1. Plaintiff seeks (1) a declaratory judgment that it "owns the [parcels] in fee simple without any provisions for railroad use, easements, or ownership in the title," and (2) to quiet title to the parcels. *Id.* at 6-8, ¶¶ 31-40. On April 12, 2019, defendant removed the claim to this Court on the basis that the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. §§ 10101 *et seq.*, completely preempts any remedies available under state law with respect to the regulation of rail transportation. Docket No. 1 at 3-4, ¶ 3. On April 25, 2019, defendant moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) on the basis that the Surface Transportation Board ("STB") has exclusive jurisdiction over plaintiff's claims. Docket No. 16.

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(1)

A motion under Fed. R. Civ. P. 12(b)(1) is a request for the Court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of establishing that the Court has jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). When the Court lacks subject matter jurisdiction over a claim for relief, dismissal is proper under Rule 12(b)(1). *See Jackson v. City and Cty. of Denver*, No. 11-cv-02293-PAB-KLM, 2012 WL 4355556, at *1 (D. Colo. Sept. 24, 2012).

Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). The court may review materials outside the pleadings without converting the Rule 12(b)(1) motion to dismiss into a motion for summary judgment. *Davis ex rel. Davis v. U.S.*, 343 F.3d 1282, 1296 (10th Cir. 2003).

### B. Removal Jurisdiction

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Federal courts have original jurisdiction based on a federal question when the civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As a general rule, federal question jurisdiction must be established on the face of a well-pleaded complaint. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."); *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012).

## III. ANALYSIS

Plaintiff's complaint pleads two Colorado state law claims. Docket No. 6 at 5-7, ¶¶ 31-40. Defendant contends that the state law claims are expressly preempted by a Congressional grant of jurisdiction to the STB. Docket No. 16 at 9-10 (citing 49 U.S.C. § 10501(b)).[2]

Before reaching the question of express preemption, however, the Court must determine whether or not the case was properly removed to federal court under the complete preemption doctrine.[3] Complete preemption and express preemption, also known as ordinary preemption, are distinct jurisdictional doctrines. *See* 14C Charles A. Wright et al., *Federal Practice & Procedure* § 3722.2 (4th ed. Aug. 2019). Complete preemption is "a corollary or exception to the well pleaded complaint rule" that allows a defendant to remove a complaint only presenting a state law cause of action to federal court "on the theory that federal preemption makes the state law claim 'necessarily federal in character.'" *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996)

---

[2] As relevant here, 49 U.S.C. § 10501(b) grants the STB "exclusive" jurisdiction over

> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and

> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State.

[3] Both parties are citizens of Colorado. Docket No. 6 at 1-2, ¶¶ 1-2. Thus, removal cannot be based on diversity jurisdiction.

(quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). Express preemption, in contrast, is an affirmative defense that a plaintiff's state-law claim has been preempted by a federal statute. *Cf. Felix v. Lucent Techs.*, 387 F.3d 1146, 1153 (10th Cir. 2004) (describing the express preemption provision of the Employee Retirement Income Security Act). As the Tenth Circuit has explained:

> We read [complete preemption] not as a crude measure of the breadth of the preemption (in the ordinary sense) of a state law by a federal law, but rather as a description of the specific situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal.

*Schmeling*, 97 F.3d at 1342.

Importantly, express preemption does not support removal of a complaint presenting only state-law claims to federal court. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("[A] defense that relies on . . . the pre-emptive effect of a federal statute will not provide a basis for removal." (citations omitted)). Thus, the Court may not proceed to consider whether plaintiff's claims are barred by express preemption before it determines whether defendant properly removed the case to this Court under the complete preemption doctrine. *See Felix*, 387 F.3d at 1158 ("When the doctrine of complete preemption does not apply . . . the district court, being without removal jurisdiction, cannot resolve the dispute regarding [express] preemption." (quoting *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995)).[4]

---

[4] Two Tenth Circuit cases cited by the parties examine the preemptive effect of the ICCTA in the express preemption context. *See Emerson v. Kan. City S. Ry. Co.*, 503 F.3d 1126, 1129-1132 (10th Cir. 2007)*; Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186 (10th Cir. 2008). However, complete preemption was not at issue in either case. *See Emerson*, 503 F.3d at 1128 (removal jurisdiction based on diversity);

5

Complete preemption is a "rare doctrine" that represents an "extraordinary preemptive power." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204 (10th Cir. 2012).[5] "[A] claim of complete preemption demands a two-part analysis: first, we ask whether the federal regulation at issue preempts the state law relied on by the plaintiff; and second, whether Congress intended to allow removal in such a case, as manifested by the provision of a federal cause of action to enforce the federal regulation." *Id*. at 1205. "For reasons of comity and prudence," courts begin with the second prong of the test, as the "analysis under the complete preemption doctrine is jurisdictional and therefore preliminary to any consideration of the merits." *Schmeling*, 97 F.3d at 1343.

In the context of the ICCTA, the analysis in *Christensen v. BNSF Railway Company*, 242 F. Supp. 3d 1186 (D. Kan. 2017), is instructive. In *Christensen*, plaintiff filed a lawsuit against defendant railway company arising out of a dispute over defendant's activity on an easement on plaintiff's property that effectively bisected the property. *Id*. at 1189. Plaintiff asserted state-law claims for trespass, fraud, and breach of contract, and asked the court to issue an injunction requiring defendant to install an

---

*Port City*, 518 F.3d at 1187 (no indication that case was removed from state court). Although *Port City* describes the effect of certain provisions of the ICCTA as "completely preempt[ing] [plaintiff's] state tort claims," the opinion contains no discussion of the complete preemption doctrine. *See* 518 F.3d at 1188-89. Thus, the Court concludes that neither *Emerson* nor *Port City* controls this case.

[5] The Supreme Court has endorsed complete preemption with respect to only four statutes: § 301 of the Labor Management Relations Act, § 502(a)(1)(B) of the Employee Retirement Income Security Act, the National Bank Act, and the Federal Deposit Insurance Act. *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557 (1968); *Metro. Life*, 481 U.S. at 58; *Beneficial*, 539 U.S. at 1; *Vaden v. Discover Bank*, 556 U.S. 49 (2009).

access way that would permit movement between the two halves of the property. *Id*. The court held that the case was improperly removed to federal court because the ICCTA did not completely preempt plaintiff's injunction claim. Noting that "complete preemption occurs only where 'a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action,'" the court determined that the "run of the mill express preemption provision" in § 10501 was insufficient to create complete preemption. *Id*. at 1190-91 (quoting *Devon Energy*, 693 F.3d at 1205). The court examined the ICCTA and concluded that "no ICCTA provision or regulation . . . gives plaintiffs a federal cause of action sufficiently similar to their state-law claims to justify applying the complete preemption doctrine," noting that the ICCTA's administrative cause of action "is available only for violations of the ICCTA's substantive provisions or accompanying regulations." *Id*. at 1191-92.

The Court finds the reasoning in *Christensen* persuasive and adopts it here. In order to satisfy the complete preemption doctrine, defendant must point to an ICCTA provision or regulation that gives plaintiff a federal cause of action sufficiently similar to its state law claims. *See id*.; *see also Devon Energy*, 693 F.3d at 1205 (noting that complete preemption may only be invoked if "the asserted federal statute . . . so pervasively regulate[s] its respective area that it leaves no room for state-law claims").[6]

---

[6] This is not to say that a defendant may not assert express preemption in state court as a defense if it cannot satisfy establish complete preemption. Rather, this analysis solely goes to the question of whether a defendant may remove to federal court a case that presents only state law claims under the "rare doctrine" of complete preemption. *See Devon Energy*, 693 F.3d at 1204.

7

As the party seeking to exercise jurisdiction, it is defendant's burden to demonstrate that complete preemption is appropriate. *See Radil*, 384 F.3d at 1224; *accord Fayard v. Ne. Vehicle Servs., LLC*, 533 F.3d 42, 47 (1st Cir. 2008) (noting that, to invoke complete preemption, defendant must demonstrate that the ICCTA provides a cause of action amounting to the state law claims asserted by plaintiff).[7] The Court is not persuaded that defendant has met that burden. Although defendant contends that plaintiff's claims are within the STB's jurisdiction, *see* Docket No. 16 at 9-10, defendant's motion fails to identify what cause of action plaintiff could pursue before the STB that would resolve its claim to quiet title to the property. *See Christensen*, 242 F. Supp. 3d at 1192 (noting that the ICCTA's administrative cause of action is "available only for violations of the ICCTA's substantive provisions or accompanying regulations"); *Fayard*, 533 F.3d at 49 (holding that defendants failed to demonstrate a "clear-cut federal cause of action" amounting to nuisance). Thus, defendant has not demonstrated a "replacement cause of action" exists in the ICCTA that would make removal of plaintiff's state law claims appropriate under the complete preemption doctrine.[8]

---

[7] Although defendant correctly points out that plaintiff bears the burden of establishing that the Court has jurisdiction in response to a motion under Fed. R. Civ. P. 12(b)(1), *see Basso*, 495 F.2d at 909, here defendant is the party seeking to invoke federal jurisdiction and thus "bears the burden of establishing such jurisdiction as a threshold matter." *See Radil*, 384 F.3d at 1224. Put another way, in this atypical jurisdictional posture, the Court must first determine whether defendant's removal of the action was appropriate before it can reach the motion to dismiss and determine whether plaintiff's claims are expressly preempted.

[8] Because defendant fails to satisfy this prong of the complete preemption analysis, the Court does not proceed to examine "whether the federal regulation at issue preempts the state law relied on by the plaintiff." *See Devon Energy*, 693 F.3d at

Defendant's arguments for complete preemption are not on point. Defendant contends that the Court should follow *Cedarapids, Inc. v. Chicago, Central & Pacific Railroad Co.*, 265 F. Supp. 2d 1005 (N.D. Iowa 2003), which concluded that the ICCTA completely preempted state law claims related to "state economic regulation of railroads" and of "abandonment of lines of railroad." *Id*. at 1013. However, Tenth Circuit precedent forecloses reliance on *Cedarapids*. The *Cedarapids* court described the relevant inquiry as "whether the ICCTA so pervasively occupies the field of railroad governance that a competing state law claim necessarily invokes federal law." *Id*. at 1011. This approach, which is taken in some circuits, "focus[es] on the merits of a preemption defense . . . without considering whether federal law provides a cause of action." *See Schmeling*, 97 F.3d at 1342. The Tenth Circuit explicitly rejected this approach in *Schmeling*. *See id*. at 1342-43 (holding that "removal based on preemption is permissible only if federal law provides a replacement cause of action"). Other cases cited by defendant are not on point because they analyze only the express preemptive effect of the grant of jurisdiction to the STB, not whether the ICCTA has complete preemptive effect permitting removal of state law claims. *See Ouachita R.R., Inc. v. Circuit Court of Union Cty.*, 206 S.W. 3d 811 (Ark. 2005); *Howard v. Surface Transp. Bd.*, 389 F.3d 259 (1st Cir. 2004); *City of Auburn v. U.S.*, 154 F.3d 1025, 1030 (9th Cir. 2010).

In sum, the Court finds that defendant has failed to establish that the complete preemption doctrine applies to plaintiff's state law claims. Thus, the case was

---

1205.

9

improperly removed to federal court, and the case will be remanded.  *See* 28 U.S.C. § 1447(c).[9]  The Court notes that "its holding is limited to the 'extraordinary' doctrine of complete preemption; [plaintiff's] claims may be preempted by the ICCTA, but that determination is consigned to the considered judgment of the state court on remand." *See Tres Lotes LLC v. BNSF Ry. Co.*, 61 F. Supp. 3d 1213, 1218 (D.N.M. 2014); *see also Felix*, 387 F.3d at 1158 (noting that, in this situation, a district court "lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved" (quoting *Dukes*, 57 F.3d at 355); *Fayard*, 533 F.3d at 49 (1st Cir. 2008) (noting that while "preemption may well be a defense" to plaintiff's state law claims, "the conditions have not been met to authorize removal through the extreme and unusual outcome of complete preemption").

## IV. CONCLUSION

Because the complete preemption doctrine does not apply to plaintiff's claims, defendant improperly removed this case to federal court.  Therefore, it is

**ORDERED** that Defendant Great Western Railway's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket No. 16] is **DENIED**.  It is further

**ORDERED** that this case is **REMANDED** to the District Court for Larimer County,

---

[9] Plaintiff's response purports to also be a "motion to remand" the case to state court.  Such motion is not properly before the Court.  *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion.").  However, this deficiency is not an obstacle to the Court remanding the case.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a case removed from state court, "the case shall be remanded.").

Colorado, where it was originally filed as Case No. 2019CV30217.

DATED March 26, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

11